UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTRA COSTA COUNTY,<br><br>    Plaintiff,<br><br>  v.<br><br>BARBARA C., et al.<br><br>    Defendant. | Case No. 14-cv-00268-MEJ<br><br>**ORDER GRANTING MOTION TO STAY** |
| CONTRA COSTA COUNTY,<br><br>    Plaintiff,<br><br>  v.<br><br>CICI C., et al.<br><br>    Defendant. | Case No. 14-cv-00269-MEJ |
| CONTRA COSTA COUNTY,<br><br>    Plaintiff,<br><br>  v.<br><br>GAIL F., et al.<br><br>    Defendant. | Case No. 14-cv-00270-MEJ |

## INTRODUCTION

In these related cases, Plaintiff Contra Costa County ("Plaintiff" or "the County") seeks de novo review of three administrative proceedings brought on behalf of three juveniles (G.F., Q.C., and W.B.) against the Contra Costa County Probation Department pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C.A. § 1400 et seq., and related state laws. Pending before the Court is Plaintiff Contra Costa County's Motion for Temporary Stay Pending Appeal.

Dkt. No. 35.[1]  Defendants (the educational rights holders for the juveniles) filed an Opposition (Dkt. No. 43), to which Plaintiff filed a Reply (Dkt. No. 46).

## BACKGROUND

On August 9, 2013, Defendants filed due process complaints against the Contra Costa County Office of Education ("CCCOE") and the Contra Costa County Probation Department pursuant to the IDEA with respect to special education services provided to Q.G., W.B., and G.F. during their detention in the Contra Costa County Juvenile Hall.  Mot. at 4.  On October 1, 2013, prior to the administrative hearings, CCCOE entered into settlement agreements with the Defendants in which it agreed to provide compensatory education to each of the juveniles.  *Id*.

On October 17, 2013, Administrative Law Judge Peter Paul Castillo of the California Office of Administrative Hearings ("OAH") issued a jurisdictional decision applicable to all of the complaints.  Ex. G to Baker Decl., Jurisdictional Decision ("Jur. Dec."), Dkt. No. 36.  In the decision, ALJ Castillo concluded that the Probation Department was a responsible public agency, and thus had legal obligations under the IDEA whenever it simultaneously prevented a juvenile from attending school pursuant to its security policy and precluded a CCCOE teacher/aide from visiting the juvenile outside of the classroom.  Mot.at 4 (citing Jur. Dec. at 18-19).

On December 26, 2013, ALJ Castillo issued final decisions in each of the three administrative proceedings.  *Id*.  The ALJ concluded that Probation should provide one hour of compensatory education for every day that the juveniles were precluded from attending class and receiving a visit from the CCCOE teacher or aide.  *Id*.  The order required Probation to provide one hour of compensatory education to Q.G., 17 hours to W.B., and 20 hours to G.F. by June 30, 2014.  Mot. at 5 (citing Ex. A to Baker Decl. ("Q.G. Decision") at 20; Ex. B to Baker Decl. ("G.F. Decision") at 22; Ex. C to Baker Decl. ("W.B. Decision") at 22).  The order also provided systemic relief for all juveniles in Juvenile Hall by directing Probation to track any time it did not permit a CCCOE teacher/aide to visit a juvenile outside of the classroom, and to "comply with the applicable legal requirements for any exclusion that exceeds ten days in any school year."  *Id*.

---

[1] As the parties' briefs and supporting documents are identical in all three cases, all citations refer to the lower-numbered case, *Contra Costa County v. Barbara C.*, Case No.  14-cv-00268-MEJ.

On January 16, 2014, the County appealed each of the three administrative decisions. *Id.* at 5. It now moves to stay those decisions pending the appeals before this Court.

## DISCUSSION

### A.    Legal Standard for Issuance of a Stay

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citing *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)). It is instead "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Id.* (internal citations and quotations omitted). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. *Id.* (citations omitted).

The Court uses a four factor test to determine whether to issue a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Of these factors, the first two are the most critical. *Id.*

### B.    Application to the Case at Bar

#### 1.    Whether There Is a Strong Probability the County will Prevail on the Merits

To satisfy this factor, the party seeking a stay must show "at a minimum" that there is a "substantial case for relief on the merits," or that the appeal "raises serious legal questions." *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012) (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011) (per curiam)). It is not enough that the likelihood of success on the merits is "better than negligible" or that there is a "mere possibility of relief." *Id.* (citing *Nken*, 556 U.S. at 434)).

The County has raised two legal questions on appeal, on which it argues that it has a strong probability of prevailing on the merits. Mot. at 7. Specifically, the County argues that the ALJ (1) improperly found the Probation Department to be a responsible public agency under the IDEA and related state laws, and (2) lacked an evidentiary basis to award compensatory or systemic relief.

3

*Id*. at 7, 9-12.

With respect to the first issue, the Court finds the County has carried its burden to show likelihood of success on the merits of its appeal. In order to show that it is likely to succeed with the appeal, the County need not persuade the Court that the ALJ's prior decision was incorrect. Instead, the County need only demonstrate that its appeal involves "serious legal questions." *Leiva-Perez*, 640 F.3d at 964. Here the County maintains that the ALJ misapplied state and federal law to find that Probation is a responsible public agency under the IDEA. Specifically, the County argues that the ALJ erred by extending California Education Code section 48645.2, which expressly provides that CCCOE has the exclusive responsibility for providing education to juveniles with disabilities in Juvenile Hall, to the County Probation Department. Mot. at 8. The County also argues that the ALJ erred because it is not a responsible public agency under the specific provisions of 34 C.F.R. § 300.33, which defines the term "public agency" as any "political subdivisions of the State that are responsible for providing education to children with disabilities," because Probation is not responsible for providing such education. *Id*.

The County further argues that there is significant support for its position based on the recent decision in *Los Angeles Unified School Dist. v. Garcia*, 58 Cal. 4th 175 (2013), in which the California Supreme Court construed California Education Code section 56041 to determine which agency had responsibility for making special education programs available to young adults between the ages of 18 and 22 incarcerated in the county jail. The County contends that the *Garcia* Court's reliance on the IDEA's mandate to leave it "to the states to decide how they will allocate among the various state and local public agencies the responsibility for providing, and funding, special education programs in accordance with its provisions," in conjunction with California Education Code section 48645.2, supports a finding that California has allocated responsibility for special education of incarcerated juveniles solely to the CCCOE. *Garcia*, 58 Cal. 4th at 184 (citations omitted). The County contends that this same reasoning underpins their appeal that the Probation Department could not be a "public agency" under the IDEA. Mot. at 8.

As to the second issue, the County maintains that the ALJ improperly awarded both compensatory and systemic relief. Mot. at 9, 12. Particularly, the County contends that the ALJ

did not base the award of compensatory education on evidence that Probation caused the juveniles' failure to make educational progress. *Id*. at 10. The County also argues that ALJ improperly awarded systemic relief, which exceeds OAH's jurisdiction. *Id*. at 12 (citing Order Granting California Dept. of Educ.'s Mot. to Dismiss ("Ruff Order") at 6, *In re Parents v. Los Angeles Unified School District*, OAH Case No. 2011110065, Ex. K to Baker Decl.).

In response, Defendants argue that the County has failed to raise any issue on which it has a strong probability of prevailing on the merits. Defendants maintain that the ALJ properly held that the County, through its operation of Juvenile Hall, is a public agency that is responsible for providing educational services, pursuant to 34 C.F.R. § 300.2(b)(iv) (defining "public agencies within the State" to include "juvenile . . . correctional facilities" such as Juvenile Hall); 34 C.F.R. § 300.33 (defining "public agenc[ies]" responsible for complying with IDEA as, among others, any "political subdivisions of the State that are responsible for providing education to children with disabilities"); and Cal. Welf & Inst. Code § 852 (stating "the juvenile hall shall be under the management and control of the probation officer"). Opp'n at 5. Further, Defendants argue that *Garcia* is inapposite because the holding is narrowly limited to cases where individuals with disabilities between the ages of 18 and 22 are incarcerated in adult county jails, and the Court did not consider whether a County Probation Department was also required to provide educational services and coordinate with the local office of education regarding the provision of such services. *Id.* at 5.

Although the merits of the County's arguments may not be tenable in light of the goals of the IDEA and relevant state and federal statutory schemes, the Court finds that the application of these laws to Probation presents a "serious legal question" sufficient to swing the balance in the County's favor. *See Leiva-Perez*, 640 F.3d at 964. *Garcia* is a recent case, and there are no legal precedents that analyze the issue presented by the County with respect to whether it is a responsible public agency under the IDEA. The Court must review de novo the conclusions of law in an OAH opinion. *See Ojai Unified School Dist. v. Jackson,* 4 F.3d 1467, 1471–72 (9th Cir. 1993). As this is an unsettled area of law, the Court finds that the appeal has a sufficient likelihood of success to justify a stay. *See Gray v. Golden Gate Nat'l Recreational Area*, 2011

1   WL 6934433, at *2 (N.D. Cal. Dec. 29, 2011).

2       2.    <u>Irreparable Harm</u>

The second factor, whether the applicant will be irreparably injured absent a stay, requires more than "some possibility of irreparable injury." *Nken*, 556 U.S. at 434-35 (internal quotation marks omitted). In analyzing the probability of irreparable injury, the focus is on "the individualized nature of irreparable harm and not on whether it is 'categorically irreparable.'" *Lair*, 697 F.3d at 1214 (quoting *Nken*, 556 U.S. at 435). "[I]f the petitioner has not made a certain threshold showing regarding irreparable harm ... then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors." *Leiva-Perez*, 640 F.3d at 965.

The County argues that its appeal of the underlying administrative decisions will become moot unless the Court grants the stay because the only remaining issue ripe for appeal is whether the County is required to provide compensatory education as a responsible public agency. Mot. at 13. The County maintains that the systemic relief prong of the ALJ's order is now prudentially moot based on the recent changes to Probation's policies regarding access to CCCOE teachers/aides to juveniles while on security programs. *Id.* (citing *Deutsche Bank Nat'l Trust Co. v. FDIC*, 744 F.3d 1124, 1135 (9th Cir. 2014) (doctrine of prudential mootness permits a court to dismiss an appeal not technically moot if circumstances have changed since the beginning of litigation that forestall any occasion for meaningful relief).

Defendants argue that the County cannot establish irreparable harm because the case will not become moot by compliance with the ALJ's Orders. Opp'n at 7. Defendants reject the County's prudential mooting argument, and instead assert that even if the County provides the compensatory education, that issue will remain ripe for review, as well as the issue of whether the County must continue to comply with applicable legal requirements when juveniles are excluded from educational services. *Id.* Defendants additionally maintain that the County's claim that the ALJ erred in finding the County to be a proper party under IDEA similarly will not be mooted by compliance with the ALJ's Orders. *Id.* at 8.

The Court has carefully considered the parties' arguments and finds that the deprivation of the procedural right to challenge ALJ Castillo's rulings constitutes irreparable injury to the

6

County. *See City of Oakland v. Holder*, 961 F. Supp. 2d 1005, 1013 (N.D. Cal. 2013). Defendants are correct that the County's claims may not be prudentially mooted. However, given that this issue is not settled, the harm to the County is probable and not merely conjectural. Based on these considerations, the Court finds that this factor weighs in favor of granting the stay.

### 3. Injury to Other Parties

Under the third factor, the Court evaluates whether a stay will substantially injure the other parties interested in the proceeding. *Lair*, 697 F.3d at 1215. Here, Defendants contend that they would be harmed by a stay of any length because they will not receive the compensatory education ordered by the ALJ. Opp'n at 7. The County argues that the harm stemming from its loss of the right to appeal outweighs any injury to Defendants. Mot. at 13. This is because the award of compensatory education services at issue is limited (between 1-20 hours for each defendant) and is in addition to the juveniles' regular educational services and substantial compensatory education services being provided by CCCOE pursuant to the settlement. *Id.* The Court finds that on balance, this factor favors a limited stay.

### 4. Stay is in the Public Interest

Finally, the Court must weigh the public interest at stake against any harm to the opposing party. *Lair*, 697 F.3d at 1215. When determining whether to grant a stay, "[t]he public interest . . . is inseparable from the issues relating to the relative hardship suffered by the litigants." *SEC v. Goldfarb*, 2013 WL 4865144, at * 3 (N.D. Cal. Sept. 12, 2013).

Defendants argue that there is a strong public interest in immediately providing students with the required compensatory education, which outweighs any monetary burden to the County. Opp'n at 8-9. Defendants are significantly behind in their credits needed to graduate high school and desperately need every single hour of compensatory education to make up for the educational losses caused by the County's policies and practices. *Id.* Defendants also contend that there is similarly a strong public interest in ensuring that the County tracks the provision of educational services to juveniles. *Id.*

The County maintains that a stay would have no impact on the juveniles' current educational services because the compensatory education award is small in light of the substantial

1  educational relief CCCOE must now provide.  Mot. at 13.  Instead, the County argues that the
2  public interest in protecting the division of public responsibilities as determined by the California
3  Legislature and the impact on the Probation Department of having to divert resources from its core
4  rehabilitative functions is greater than that of providing compensatory educational services to
5  juveniles in Juvenile Hall.  *Id*.
6        The Court disagrees with the County's analysis.  "Congress enacted the IDEA to ensure
7  'all children with disabilities have available to them a free appropriate public education that
8  emphasizes special education and related services designed to meet their unique needs and prepare
9  them for further education, employment, and independent living.'"  *W.H. ex rel. B.H. v. Clovis*
10 *Unified School Dist*., 2009 WL 2959849, at * 7 (E.D. Cal. Sept. 10, 2009) (quoting 20 U.S.C. §
11 1400(d)(1)(A)).  Accordingly, the provision of special educational services to incarcerated minors
12 is strongly in the public interest.  In light of the County's argument that the 38 mandated hours of
13 compensatory education are minimal, the Court is  not persuaded that the impact to its resources is
14 sufficiently great to outweigh the important public interest of ensuring that juveniles with
15 disabilities receive necessary educational services.  This factor thus weighs in favor of Defendants.
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

CONCLUSION

Taking the foregoing factors into consideration, the Court finds that the County has demonstrated that the two most significant factors support its request to stay this action. The issues relating to the County's liability under the IDEA, and the jurisdictional power of OAH to order systemic relief present questions of law for which the County has reasonable, good-faith arguments. Additionally, if the County fully complies with the Orders to provide compensatory education, its claims may become moot, thereby irreparably harming the County's legal rights. In granting the stay, the Court is cognizant that there is a significant public interest in the provision of special education to incarcerated youth. However, the County's strong showing on the first two factors militate in favor of staying the administrative decisions the pending the County's appeal. Accordingly, the Court GRANTS the Motion to Stay. The Court hereby STAYS the administrative decisions during the pendency of the appeals.

**IT IS SO ORDERED.**

Dated: June 11, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge